IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 1 9 2014
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| ACADEMY OF ALLERGY & ASTHMA IN PRIMARY CARE et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN ACADEMY OF ALLERGY, ASTHEMA & IMMUNOLOGY et al., <br><br> Defendants. | § § § § § § § § § § § § § | Civil Action No. SA-14-CV-35-OLG |

## ORDER

Before the Court is Plaintiffs' motion to compel Defendants' compliance with Court ordered discovery. Docket No. 87. On March 20, 2014, the Court ordered Defendants to respond to three discovery requests. Docket No. 60.[1] Plaintiffs allege that Defendants have improperly withheld discovery responses under claims of privilege. Plaintiffs move to compel production of responsive documents that they allege have been improperly withheld or redacted.

The Court has reviewed Plaintiffs' motion, Defendants' response, and Plaintiffs' reply. *See* Docket Nos. 87, 91 & 94. Among other items, the Court has reviewed Defendant AAAAI's first amended privilege log and Defendant JCAAI's first amended privilege log. *See* Docket No. 87, Exs. N & P. Defendants, as proponents of the privileges, must demonstrate how each redacted or withheld document satisfies the elements of the asserted privilege. *See* FED. R. CIV. P. 26(b)(5); *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001); *Hodges, Grant &*

---

[1] These discovery requests were Interrogatory No. 3 and Requests for Production Nos. 2 & 3, attached as part of Exhibit A to Plaintiff's motion for expedited discovery. *See* Docket No 30, Ex. A. Interrogatory No. 3 and Request for Production 2 concern communications between Defendant Joint Council of Allergy, Asthma & Immunology ("JCAAI") and Aetna referenced in a JCAAI newsletter dated February 13, 2013. Request for Production 3 concerns materials and communications relating to a webinar on September 10, 2013 co-sponsored by JCAAI and Defendant American Academy of Allergy, Asthma & Immunology ("AAAAI").

*Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985). Defendants' privilege logs do not establish Defendants' entitlement to privilege. Among other things, the privilege logs do not adequately describe the individuals involved in relevant communications and the nature of the documents redacted or withheld. Thus, the Court is unable to determine whether Defendants' privilege claims have merit.

To assist the Court in resolving this discovery dispute, Defendants are ORDERED to amend their privilege logs to adequately describe the individuals involved in the redacted and withheld communications and to adequately describe the nature of the documents redacted or withheld. Defendants may do so without revealing information itself privileged or protected. *See* FED. R. CIV. P. 26(b)(5)(A)(ii). Among other disclosures, Defendants must identify all third-parties who were involved in the redacted or withheld communications or to whom the communications were disclosed. Defendants must also identify all attorneys involved in the communications, the parties the attorneys represented at the time of the communications, and the nature of the attorneys' representation (e.g., in-house counsel, litigation counsel, or lobbyist). Defendants may also provide any other relevant information to support their claims for privilege. Defendants must file copies of their privilege logs with this Court and serve copies upon Plaintiffs.

Finally, the Court ORDERS Defendants to submit for *in camera* review unredacted copies of all documents redacted or withheld as privileged. Defendants may deliver the unredacted copies directly to chambers.

Defendants must comply with this Order on or before **July 3, 2014**.

SIGNED this 19th day of June, 2014.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE