IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ACADEMY OF ALLERGY & ASTHMA IN PRIMARY CARE AND UNITED BIOLOGICS, LLC D/B/A UNITED ALLERGY SERVICES<br><br>Plaintiffs,<br><br>v.<br><br>ALLERGY AND ASTHMA NETWORK/MOTHERS OF ASTHMATICS, INC.; TONYA WINDERS; PHADIA US INC.; & THERMO FISHER SCIENTIFIC INC.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No. 5:14-CV-35-OLG<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' MOTION TO STRIKE AANMA'S DESIGNATION OF THIRD PARTY FACT WITNESSES AS RULE 702 EXPERTS AND TO EXCLUDE THEIR TESTIMONY AS INADMISSIBLE PURSUANT TO FEDERAL RULE 702**

Plaintiffs Academy of Allergy & Asthma in Primary Care ("AAAPC") and United Biologics, LLC d/b/a United Allergy Services ("UAS") (collectively "Plaintiffs") file this Motion To Strike Defendants Allergy And Asthma Network/Mothers Of Asthmatics, Inc. and Tonya Winders' (collectively "AANMA") Designation of Third Party Fact Witnesses as Rule 702 Experts and to Exclude their Testimony as Inadmissible Pursuant to Federal Rule 702. In support thereof, Plaintiffs would respectfully show the Court as follows:

### I.    INTRODUCTION

AANMA's deadline for designating testifying experts pursuant to Federal Rule of Civil Procedure Rule 702 was June 8, 2016. On that date, AANMA designated four retained experts. However, acutely aware of the shortcomings in its retained experts' testimony and of the factual and evidentiary deficiencies in its case, AANMA also took the unusual step of designating <u>nine</u>

1

<u>third party fact witnesses</u> as Rule 702 experts.[1] However, the third party fact witnesses designated by AANMA are not 702 experts at all. As set forth in more detail herein, most of them are insurance company representatives involved in determining whether to accept or deny claims submitted by doctors contracted with Plaintiffs. Others are allergists who were involved in past litigations with UAS. Realizing that much of the testimony from these fact witnesses is inadmissible under the Federal Rules, AANMA is attempting to backdoor that testimony into evidence by presenting it as expert testimony under Federal Rule 702, which would result in substantial jury confusion and prejudice to Plaintiffs. As the gatekeeper of evidence and testimony in this case, the Court should preclude AANMA from presenting testimony from these witnesses as expert testimony for the reasons set forth herein.

First, the Court should strike AANMA's designations because it failed to disclose the information required by the Court's scheduling order and Federal Rule 26. Specifically, the Court's scheduling order mandated that each party disclose an expert report for all "testifying experts" designated in the case. AANMA failed to produce written reports for each third party fact witness, and produced none of the other information required by Rule 26. Thus, they cannot be permitted to testify as Rule 702 experts. As explained below, AANMA is attempting to circumvent the written report requirements of Rule 26 by classifying the witnesses as "non-retained." Even if AANMA could avoid the Court's requirement that all testifying experts must provide reports, the witnesses designated by AANMA were not directly involved in the core issues in this litigation, nor do they have personal, first-hand knowledge of those issues. Thus, they are not the types of witnesses permitted to testify without disclosing a written report.

---

[1] It is worth noting that neither Phadia nor Thermo Fisher (the other defendants in this case) attempted to designate third party fact witnesses as Rule 702 experts.

Second, even if AANMA was not required to disclose a written report, non-retained expert witnesses must still sufficiently disclose the substance of their opinions and the bases for those opinions. AANMA failed to meet that threshold.

Finally, even if AANMA'S third party fact witnesses were properly designated pursuant to Rule 26, AANMA must demonstrate that their opinions are admissible pursuant to Rule 702, and that they are qualified to offer those opinions. Because AANMA cannot meet either threshold, the witnesses cannot be permitted to offer testimony pursuant to Federal Rule 702.

## II.  BACKGROUND

The Court's amended scheduling order set the dates for disclosure of experts and mandated that each party serve the materials required by Fed. R. Civ. P. 26(a)(2)(B) for each "testifying" expert. [*See* Dkt. No. 208 at 5.][2] Pursuant to Rule 26, those materials include a written report that contains a statement of all opinions the witness will express; the facts and data considered by them; exhibits; and the witnesses' qualifications, among other things. Fed. R. Civ. P. 26(a)(2)(B). AANMA provided its expert designations on June 8, 2016, which included four retained experts: Peter Kongstvedt, David Eisenstadt, Steve Wiggins, and Wendy Weiss (the "Retained Experts"). [*See* Ex. 1 (attached hereto) at 1-3.] AANMA'S designations also included the following nine third party fact witnesses: James Sublett, Lyndon Mansfield, Stanley Fineman, Theodore Freeman, Dwight Brower, Michael Martin, Barry Lachman, David Palafox, and James Guy (the "Third Party Fact Witnesses"). [Ex. 1 at 4-9.][3]

---

[2] The Court's scheduling order was recently amended to extend the deadlines for filing certain motions. However, the substance of the Court's scheduling order with respect to expert disclosures was not changed.

[3] James Guy was not disclosed as an expert witness by AANMA until July 26, 2016, almost two months past the expert disclosure deadline. [*See* Ex. 2, attached hereto.] Because his disclosure came after the deadline to disclose expert testimony, it must be stricken pursuant to Federal Rule 37.

AANMA produced expert reports for the Retained Experts, which are not the subject of this motion.[4] AANMA did not produce expert reports for the Third Party Fact Witnesses. Outside of identifying generic categories of opinions that each purported expert is expected to disclose, AANMA failed to disclose an adequate explanation of the substance of each witnesses' opinions and the basis for those opinions. [*See* Ex. 1 at 4-9; Ex. 2 at 2.] AANMA also failed to disclose information sufficient to demonstrate that the Third Party Fact Witnesses are *qualified* to provide the opinions they are expected to testify to, or that they otherwise meet the requirements for admissibility under Federal Rule 702. [*See* Ex. 1 at 4-9.; *see also* Ex. 2 at 2.]

### III.    ARGUMENT AND AUTHORITIES

**A.    AANMA'S Designations Should Be Stricken Because AANMA Failed To Disclose Expert Reports As Required By The Court's Scheduling Order and Federal Rule 26(a)(2)(B)**

The Court's scheduling order mandates that each party must serve "the materials required by Fed. R. Civ. P. 26(a)(2)(B)" for each testifying expert. [*See* Dkt. No. 208 at 5.] Under Rule 26(a)(2)(B), those materials must include a written report that contains a statement of all opinions the witness will express and facts and data considered by them in reaching those opinions, among other things. Fed. R. Civ. P. 26(a)(2)(B). Where a party fails to provide this information, the party is not allowed to use it at trial unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 561 (5th Cir. 2004). Here, there is no dispute that AANMA did not produce expert reports for the Third Party Fact Witnesses. There can also be no dispute that the improper designation of random fact witness testimony as "expert testimony" mere months prior to trial without disclosing the information mandated by Rule 26 would be highly prejudicial to Plaintiffs.

---

[4] Plaintiffs have filed separate motions concurrently herewith addressing the various deficiencies with the expert reports and opinions disclosed by AANMA's retained experts.

Accordingly, AANMA's designations should be stricken. [*See* Dkt. No. 208 at 5.]; *Motion, Inc. v. BSP Software LLC*, No. 4:12-CV-647, 2016 U.S. Dist. LEXIS 901, at *9-10 (E.D. Tex. Jan. 6, 2016).

During a meet and confer prior the filing of this motion, AANMA's counsel asserted that the Court's scheduling order limited compliance with the disclosure requirements in Rule 26(a)(2)(B) to retained experts only. AANMA contends that because their Third Party Fact Witnesses were designated as non-retained experts pursuant to Rule 26(a)(2)(C), they were not required to provide expert reports. AANMA's contentions are without merit.

First, the Court's scheduling order clearly states that the parties were required to disclose the information listed in Rule 26(a)(2)(B) for any testifying expert, not just "retained" experts. [*See* Dkt. No. 208 at 5.] Second, even if the Court's order did not require reports for all testifying experts, AANMA cannot show that the Third Party Fact Witnesses qualify as expert witnesses under Rule 26(a)(2)(C). Specifically, non-retained witnesses are permitted to avoid the written report requirements of Rule 26(a)(2)(B) only in limited circumstances where the witness has first-hand knowledge of the issues to be addressed or was a percipient witness with respect to the subject matter at issue. *See Eagle Oil & Gas Co. v. Travelers Prop. Cas. Co. of Am.*, No. 7:12-cv-00133, 2014 U.S. Dist. LEXIS 103537, at *20-22 (N.D. Tex. July 30, 2014) ("The delineation between a 26(a)(2)(B) expert and a 26(a)(2)(C) expert is whether the expert has first-hand factual knowledge of [the] case so as to escape the requirement that he submit a full expert report.") (internal quotations and citations omitted). Frequent examples include physicians or other health care professionals involved in treating patients, and who are permitted to testify without a report because of their direct involvement in treating the patients in issue. *Velasquez v. Danny Herman*

*Trucking, Inc.*, No. H-14-2791, 2015 U.S. Dist. LEXIS 167331, at *2-6 (S.D. Tex. Dec. 15, 2015). The Third Party Fact Witnesses do not meet these requirements.

In sum, it is AANMA'S burden to demonstrate that the Third Party Fact Witnesses were not required to provide expert reports because they have personal knowledge of the subject matter for which they intend to testify or were percipient witnesses to the subject matter of their expected opinions. *See Skyeward Bound Ranch v. City of San Antonio*, No. SA-10-CV-0316, 2011 U.S. Dist. LEXIS 59304, at *6 (W.D. Tex. June 1, 2011) ("Courts require a party seeking to avoid producing a full expert report to show the proposed expert is not required to submit a report."). AANMA cannot meet that burden, and was therefore required to submit written reports for the Third Party Expert Witnesses. Because it did not, AANMA's designations must be stricken.[5]

**B.     AANMA'S Designations Should Be Stricken Because AANMA Failed To Adequately Disclose The Third Party Witnesses' Opinions Required By Federal Rule 26(a)(2)(C)**

Even if AANMA was not required to disclose written reports, their designations must be stricken because AANMA failed to adequately disclose the subject matter of the Third Party Fact Witnesses' expected testimony and the facts and opinions to which they will testify pursuant to Federal Rule 26(a)(2)(C). Specifically, expert witnesses not specifically employed or retained by a party to provide expert testimony and who do not regularly give expert testimony must still

---

[5] AANMA's counsel suggested during the parties' meet and confer that there is no prejudice here because the Third Party Fact Witnesses have been deposed and Plaintiffs can simply review the deposition transcripts to determine the substance of the witnesses' testimony and the basis for it. However, Plaintiffs are not required to scour the deposition transcripts of nine fact witnesses and attempt to guess at (1) which opinions AANMA intends to designate as expert opinions, (2) the basis for those opinions, and (3) whether the witness is qualified to present such opinions. Indeed, the mandatory disclosure requirements of Rule 26 were designed precisely to avoid this guessing game. *See Travelers Prop. Cas. Co. of Am.*, 2014 U.S. Dist. LEXIS 103537 at *19-20 (rejecting the defendant's argument that there was no prejudice because the witness had previously been deposed and holding that "Plaintiffs should not be charged with wading through deposition testimony to glean all the information required in Rule 26(a)(2)(B)."); *see also BSP Software LLC*, 2016 U.S. Dist. LEXIS 901 at *9-10 (noting that "referral to depositions is not an adequate substitute for the summary required by Rule 26.").

provide (1) the subject matter of their testimony, and (2) a summary of the facts and opinions to which they will testify. *See* Fed. R. Civ. P. 26(a)(2)(C). Courts have interpreted the "summary of the facts and opinions" requirement as follows:

> [A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics or their opinions is insufficient. Further . . . a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts . . . on which the expert actually relied in forming his or her opinions that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies.

*See Danny Herman Trucking, Inc.*, 2015 U.S. Dist. LEXIS 167331 at *2-5.

AANMA'S disclosures fall woefully short of this standard. With respect to James Sublett, for example, AANMA identifies the high-level subject matter to which Mr. Sublett is expected to testify (including, for example, "the methodology employed by UAS in studies to validate its protocols," and "the dangers associated with home administration of immunotherapy"). However, the designations fail to identify his actual opinions on the matter; the facts or other bases supporting those opinions; or how the opinions state a view or judgment regarding a matter that affects the outcome of this case. [*See* Ex. 1 at 4.] The designations also fail to sufficiently identify how Mr. Sublett is qualified to make such opinions, and whether or not he has personal knowledge (or was a percipient witness) with respect to the subject matter of each of his opinions, which is required of a non-retained expert. [*Id*.] The same deficiencies exist with respect to each of the Third Party Fact Witnesses, and thus each designation should be stricken. [*See* Ex. 1 at 4-9.]; *see also Cont'l Cas. Co. v. F-Star Prop. Mgmt*., No. EP-10-CV-102, 2011 U.S. Dist. LEXIS 76921, at *17-21 (W.D. Tex. July 15, 2011); *City of San Antonio*, 2011 U.S. Dist. LEXIS 71005 at *5-14; *BSP Software LLC*, 2016 U.S. Dist. LEXIS 901 at *9-10.

C.  **AANMA'S Third Party Fact Witnesses Should Be Excluded As Rule 702 Experts Because Their Testimony Is Not Admissible Pursuant To Federal Rule 702**

Even if AANMA had adequately disclosed the information required by the Court's scheduling order and Federal Rule 26, the Third Party Fact Witnesses cannot testify as experts because AANMA has failed to establish that their testimony is admissible pursuant to Federal Rule 702. For testimony to be admissible under Rule 702, the proponent of the testimony has the burden of demonstrating that the witness is qualified and that (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. AANMA has failed to establish any of these requirements with respect to the Third Party Fact Witnesses.

With respect to James Guy, for example, AANMA states in its disclosure that he is an employee of Blue Cross Blue Shield of Texas who is expected to testify about UAS's alleged involvement in "certain fraudulent activities," among other things. [*See* Ex. 2 at 2.] As an initial matter, even if AANMA had demonstrated that Mr. Guy was qualified to render such an opinion, it is well settled that even Rule 702 experts are not permitted to render legal conclusions, such as whether an entity has committed fraud. *See Travelers Prop. Cas. Co. of Am.*, 2014 U.S. Dist. LEXIS 103537, at *38 (refusing to allow an expert to "invade the province of the jury by telling the jury what result to reach or to give legal conclusions."); *United States ex rel. Barron, et al. v. Deloitte & Touche LLP, et al.*, 2008 WL 7136949 at *6 (W.D. Tex. Aug. 20, 2008) (Primomo, J.) (excluding expert testimony consisting of "opinions that [parties] violated various federal rules and regulations" promulgated under the federal healthcare laws). Mr. Guy's purported opinions regarding allegedly fraudulent activities must be excluded for that reason alone.

Mr. Guy's opinions must also be excluded because AANMA has failed to demonstrate that Mr. Guy is qualified to render the opinions identified in AANMA's disclosures. They must also be excluded because (1) AANMA failed to identify the specific scientific, technical, or other specialized knowledge used by Mr. Guy to form the opinions (other than a generic reference to thirty years in law enforcement); (2) whether Mr. Guy's testimony is based on sufficient facts or data; (3) whether his testimony is the product of reliable principles and methods; (4) whether he reliably applied the principles and methods to the facts of the case; and (5) and whether and how his opinions will help the trier of fact to understand the evidence or to determine a fact in issue. [*See* Ex. 2 at 2.] The exact same failings exist with respect to each and every one of the Third Party Fact Witnesses, and therefore they cannot be permitted to testify as experts under Federal Rule 702. [*See* Ex. 1 at 4-9.][6]

## IV.   CONCLUSION

Testimony under Federal Rule 702 is generally provided by experts that have specific scientific, technical, or other specialized knowledge on a given issue, and who are retained by a party for the purpose of aiding a jury in deciding an issue material to the outcome of the case. To ensure such testimony is admissible under Federal Rule 702, experts are required to provide written reports disclosing their qualifications, their opinions, and the bases for those opinions so they can be rigorously examined by the court and the opposition. In certain rare instances, a party

---

[6] To be clear, Plaintiffs' are not seeking to exclude factual testimony provided by the Third Party Fact Witnesses that is based on their personal knowledge and first-hand experience (and that is not otherwise objectionable under the Federal Rules) by this motion. Plaintiffs are asking the Court to exclude the testimony of the Third Party Fact Witnesses as Rule 702 expert testimony. As set forth herein, that is appropriate here because AANMA has failed to demonstrate that any of the Third Party Fact Witnesses are qualified to provide opinions on issues for which they have no personal knowledge, and that such opinions are admissible under the requirements set forth in Federal Rule 702. However, some of the testimony of the Third Party Fact Witnesses is objectionable for reasons other than admissibility under Rule 702. For example, much of the testimony provided is based on hearsay and speculation, and the witnesses lacked personal knowledge on the issues addressed. Plaintiffs expressly reserve their rights to object to such testimony at the appropriate time, including as set forth in the Court's pre-trial order and at trial.

can designate an individual as a Rule 702 expert without providing a written report, but this is reserved for witnesses with first-hand knowledge or who were percipient witnesses to an issue material to the case.

As demonstrated herein, the Third Party Fact Witnesses designated by AANMA did not provide written reports, and they are not witnesses that are permitted to testify in the absence of a written report. Further, AANMA's designations fail to adequately disclose the substance of the witnesses' opinions and the basis for those opinions, and AANMA cannot demonstrate that their opinions are admissible pursuant to Federal Rule 702. Allowing AANMA to present the testimony of the Third Party Fact Witnesses as expert testimony in this case would create substantial jury confusion and prejudice to Plaintiffs in view of the foregoing, and would allow precisely the type of trial by ambush that the Federal Rules are intended to avoid. Accordingly, Plaintiffs request that the Court strike AANMA's Designations of the Third Party Fact Witnesses and preclude AANMA from attempting to present their testimony as expert testimony at any hearing or trial in this matter.

Respectfully submitted,

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: /s/ Casey Low
    Casey Low
    Texas Bar No. 24041363
    Dillon J. Ferguson
    Texas Bar No. 06911700
    Ben Bernell
    Texas Bar No. 24059451
    Elizabeth K. Marcum
    Texas Bar No. 24078801
    401 Congress Ave., Suite 1700
    Austin, Texas 78701-4061
    Phone: (512) 580-9616
    Fax:   (512) 580-9601
    casey.low@pillsburylaw.com
    dillon.ferguson@pillsburylaw.com
    ben.bernell@pillsburylaw.com
    liz.marcum@pillsburylaw.com

**ATTORNEYS FOR PLAINTIFFS AAAPC & UAS**

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiffs previously conferred with counsel for Defendants regarding the content of this motion and Defendants' are opposed.

/s/ Casey Low
Casey Low

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiffs' Initial Disclosures been served on all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) on August 1, 2016.

/s/ Casey Low
Casey Low

Linda R. Stahl
E. Leon Carter
Courtney Barksdale Perez
Stacey Cho
CARTER SCHOLER ARNETT HAMADA & MOCKLER, PLLC
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
lstahl@carterscholer.com
lcarter@carterscholer.com
cperez@carterscholer.com
scho@carterscholer.com
214-550-8185 Fax
**ATTORNEYS FOR TONYA WINDERS AND ALLERGY & ASTHMA NETWORK, INC./MOTHERS OF ASTHMATICS**

James Reeder
Christopher Popov
Nicholas Shum
VINSON & ELKINS LLP
1001 Fannin Street, Suite 2500
Houston, Texas 77002
jreeder@velaw.com
cpopov@velaw.com
nshum@velaw.com
713-758-2346 Fax

Liane Noble
Michelle Arishita
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100

Austin, Texas 78746
lnoble@velaw.com
marishita@velaw.com
512-236-3234 Fax
**ATTORNEYS FOR DEFENDANT PHADIA U.S. INC. AND THERMO FISHER SCIENTIFIC, INC.**