FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MAR 2 1 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| ACADEMY OF ALLERGY & ASTHMA IN PRIMARY CARE AND UNITED BIOLOGICS, LLC D/B/A UNITED ALLERGY SERVICES | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No.  5:14-CV-35-RCL |
| ALLERGY AND ASTHMA NETWORK/MOTHERS OF ASTHMATICS, INC.; AND TONYA WINDERS | § § § § | |
| Defendants. | § § § § § | |

## JURY INSTRUCTIONS

Members of the jury,

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.  If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.  You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the

1

evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for a plaintiff or a defendant in arriving at your verdict.

## Burden of Proof

Plaintiffs have the burden of proving their case by a preponderance of the evidence.  To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

## Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact

exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Witnesses*

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Throughout this charge, the following terms are defined to mean:

1.   "AAAPC" refers to plaintiff Academy of Allergy & Asthma in Primary Care.

2.   "UAS" refers to plaintiff United Biologics, LLC d/b/a United Allergy Services.

3

3.  "Plaintiffs" refers collectively to both named plaintiffs in this case, AAAPC and UAS.

4.  "AANMA" refers to defendant Allergy and Asthma Network/Mothers of Asthmatics, Inc.

5.  "Defendants" refers collectively to AANMA and Tonya Winders.

6.  "Phadia" or "Thermo Fisher" refers collectively to Phadia U.S. Inc. and Thermo Fisher Scientific Inc.

7.  "AAAAI" refers to the American Academy of Allergy, Asthma & Immunology.

8.  "ACAAI" refers to the American College of Allergy, Asthma & Immunology.

9.  "JCAAI" refers to the Joint Council of Allergy, Asthma & Immunology.

## *Sherman Act and Texas Act - Purpose*

Plaintiffs claim that Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI violated the federal Sherman Act and the Texas Free Enterprise and Antitrust Act, which I will jointly refer to as the "Sherman Act." The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace.  The Sherman Act rests on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress.

## *Sherman Act Section 1*

Plaintiffs challenge Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's collective conduct under Section 1 of the Sherman Act. Section 1 prohibits contracts, combinations, and conspiracies that unreasonably restrain trade. To establish a violation of Section 1 of the Sherman Act, Plaintiffs must prove the following:

(1)  the existence of a contract, combination, or conspiracy between or among at least

two separate entities;

(2)    that the contract, combination, or conspiracy unreasonably restrains trade;

(3)    that the restraint affects interstate or foreign commerce; and

(4)    that the restraint caused Plaintiffs to suffer an injury to their business or property.

## Definition of Existence of Contract, Combination or Conspiracy

Plaintiffs allege that Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI participated in a conspiracy to restrain trade in the markets for allergy testing and immunotherapy across several states. Plaintiffs allege the conspiracy included coercing primary care physicians not to work with UAS and AAAPC and thereby restrict the offering of their services to the consumer. A conspiracy is an agreement by two or more persons to restrain trade, in this instance services in the markets for allergy testing and allergen immunotherapy.

Plaintiffs must prove both of the following elements by a preponderance of the evidence:

(1)    that the alleged conspiracy existed; and

(2)    that the defendant knowingly became a member of that conspiracy. To act knowingly means voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

The basis of a conspiracy is an agreement or understanding between two or more persons. An agreement or understanding between two or more persons exists when they share a commitment to a common scheme. To establish the existence of a conspiracy, the evidence need not show that its members entered into any formal or written agreement. The agreement itself may have been entirely unspoken. A person can become a member without full knowledge of all of the details of the conspiracy, the identity of all of its members, or the parts such members played in the charged conspiracy. The members of the conspiracy need not necessarily have met

together, directly stated what their object or purpose was to one another, or stated the details or the means by which they would accomplish their purpose. To prove a conspiracy existed, the evidence must show that the alleged members of the conspiracy came to an agreement or understanding among themselves to accomplish a common purpose.

A conspiracy may be formed without all parties coming to an agreement at the same time, such as where different businesses or persons separately accept invitations to try to restrict who can offer a product or service in the market. Similarly, it is not essential that all persons acted exactly alike, nor is it necessary that they all possessed the same motive for entering the agreement. It is also not necessary that all of the means or methods claimed by Plaintiffs were agreed upon to carry out the alleged conspiracy, nor that all of the means or methods that were agreed upon were actually used or put into operation, nor that all the persons alleged to be members of the conspiracy were actually members. It is the agreement or understanding to restrain trade that constitutes a conspiracy. Therefore, you may find a conspiracy existed regardless of whether it succeeded or failed.

Plaintiffs may prove the existence of the alleged conspiracy through direct evidence, circumstantial evidence, or both. Direct evidence is explicit and requires no inferences to establish the existence of the alleged conspiracy. Direct evidence of an agreement may not be available, and therefore a conspiracy also may be shown through circumstantial evidence. You may infer the existence of a conspiracy from the circumstances, including what you find the alleged members actually did and the words they used. Mere similarity of conduct among various persons, however, or the fact that they may have associated with one another and may have met or assembled together, does not by itself establish the existence of a conspiracy. If they acted similarly but independently of one another, without any agreement among them, then there

would not be a conspiracy.

In determining whether an agreement or understanding between two or more persons has been proved, you must view the evidence as a whole and not piecemeal.

*Participation and Intent*

Before you can find that a defendant was a member of the conspiracy alleged by Plaintiffs, the evidence must show that defendant knowingly joined in the unlawful plan at its inception, or at some later time, with the intent to further the purpose of the conspiracy. To act knowingly means to participate deliberately and not because of mistake, accident, or other innocent reason. A person may become a member of a conspiracy without full knowledge of all the details of the conspiracy, the identity of all its members, or the parts they played. Knowledge of the essential nature of the plan is enough. On the other hand, a person who has no knowledge of a conspiracy, but happens to act in a way that helps the conspiracy succeed, does not thereby become a conspirator.

A person who knowingly joins an existing conspiracy, or who participates only in part of a conspiracy with knowledge of the overall conspiracy, is just as responsible as if he or she had been one of those who formed or began the conspiracy and participated in every part of it. In determining whether a defendant was a member of the alleged conspiracy, you should consider only the evidence about that particular defendant's statements and conduct, including any evidence of that defendant's knowledge and participation in the events involved and any other evidence of that particular defendant's participation in the conspiracy alleged. You may not find that a defendant was a member of a conspiracy based only on its association with or knowledge of wrongdoing, but it is a factor you may consider to determine whether a defendant was a member of the alleged conspiracy.

If you find that the alleged conspiracy existed, then the acts and statements of the conspirators are binding on all of those whom you find were members of the conspiracy.

Once you have found that a defendant is a member of a conspiracy, he, she, or it is presumed to remain a member and is responsible for all actions taken by all coconspirators during and in furtherance of the conspiracy until it is shown that the conspiracy has been completed or abandoned. Although a defendant who was a member of a conspiracy may withdraw from and abandon the conspiracy, that defendant is still liable with all other coconspirators for any illegal acts committed by that defendant or by any coconspirator while that defendant was a member of the conspiracy up until the time of that defendant's withdrawal from the conspiracy.

## *Corporations*

Some of the pertinent parties in this case are corporations, including AANMA and Thermo Fisher, the current owner of Phadia, to which I will refer to jointly as Phadia. Under the law, a corporation is a person, but it acts only through its agents. A corporation's agents include its directors, officers, employees, or others acting on its behalf. A corporation is not capable under the law of conspiring with its own agents, unincorporated divisions, or wholly owned subsidiaries. Through its agents, however, a corporation is capable of conspiring with other persons or independent corporations.

A corporation is legally bound by the acts and statements of its agents or employees done or made within the scope of the agent's employment or apparent authority. Acts done within the scope of employment are acts performed on behalf of a corporation and directly related to the performance of the duties the agent has general authority to perform. Apparent authority is the authority that persons outside the corporation could reasonably believe the agent would have,

8

judging from his or her position with the company, the responsibilities previously entrusted to the person or the office, and the circumstances surrounding his or her past conduct. An agent can have apparent authority even when, despite these appearances, the agent is actually acting in a dishonest, fraudulent, or anticompetitive manner.

To summarize, for a corporation to be legally responsible for the acts or statements of its agents, you must find that the agent was acting within the scope of his or her employment with apparent authority. The fact that a corporation has instructed its agents not to violate the antitrust laws does not excuse the corporation from responsibility for the unlawful acts of its agents done within the scope of their employment or apparent authority.

A corporation is entitled to the same fair trial as a private individual. The acts of a corporation are to be judged by the same standard as the acts of a private individual, and you may hold a corporation liable only if such liability is established by a preponderance of the evidence. All persons, including corporations, are equal before the law.

## Use of Membership Organizations to Commit Antitrust Violations

Businesses that are actual or potential competitors, such as certain of the pertinent parties here, may lawfully form into trade, industry, or professional associations or similar organizations ("trade associations") to advance common interests, and may communicate and meet with one another in furtherance of lawful trade association activities. AAAAI, ACAAI, and JCAAI are trade associations.

Trade associations may lawfully keep members informed and hold meetings among their members for topics such as new or changed services, technology, standard practices, or legislation and regulations in the industry. Trade associations, however, may not be used by members to commit violations of the antitrust laws. For example, a trade association cannot be

used as a vehicle by its members to organize or facilitate efforts to restrict who may provide a product or service in the market.

## *Liability of Association for Acts of an Agent*

Like a corporation, a trade or professional association is a legal entity that can be found liable for the unlawful acts of its agents. To find the association liable, you must find that the agent or agents acted with "apparent authority," as I defined it earlier. For a trade association to be responsible for the acts of one of its agents acting with apparent authority, it is not necessary that the trade association specifically authorize the agent to commit those acts. Nor is it necessary that the trade association ratify or endorse the agent's actions. Nor is it necessary that the association itself have knowledge of the actions. Rather, the trade association is legally bound by the acts of its agent performed with apparent authority.

## *Rule of Reason Overview*

Under Section 1 of the Sherman Act, a restraint of trade is illegal only if it is found to be unreasonable. You must determine, therefore, whether the restraint challenged here, specifically attempts to restrict who may compete in the allergy testing and allergy immunotherapy markets is unreasonable. In making this determination, you must first determine whether Plaintiffs have proven that the challenged restraint has resulted in a substantial harm to competition in a relevant product and geographic market. If you find that Plaintiffs have proven that the challenged restraint results in a substantial harm to competition in a relevant market, then you must consider whether the restraint produces countervailing competitive benefits. If you find that it does, then you must balance the competitive harm against the competitive benefit. The challenged restraint is illegal under Section 1 of the Sherman Act only if you find that the competitive harm substantially outweighs the competitive benefit. I will now review each step of the analysis in

more detail.

*Proof of Competitive Harm*

As I mentioned, to prove that the challenged restraint is unreasonable, Plaintiffs first must demonstrate that the restraint has resulted or is likely to result in a substantial harm to competition. Although it may be relevant to the inquiry, harm that occurs merely to the individual business of Plaintiffs is not sufficient, by itself, to demonstrate harm to competition generally. That is, harm to a single competitor or group of competitors does not necessarily mean that there has been harm to competition.

Furthermore, Plaintiffs must show that the harm to competition occurred in an identified market, known as a relevant market. There are two aspects to a relevant market. The first aspect is known as the relevant product market. The second aspect is known as the relevant geographic market. It is Plaintiffs' burden to prove the existence of a relevant market. If you find that Plaintiffs have proven the existence of a relevant market, then you must determine whether Plaintiffs also have proven that the challenged restraint has or is likely to have a substantial harmful effect on competition in that market. A harmful effect on competition, or competitive harm, refers to a reduction in competition that results in the loss of some of the benefits of competition, such as lower prices, increased output, or higher product quality. If the challenged conduct has not resulted in or is not likely to result in higher prices, decreased output, lower quality, or the loss of some other competitive benefit, then there has been no competitive harm, and you should find that the challenged conduct was not unreasonable.

In determining whether the challenged restraint has produced or is likely to produce competitive harm, you may look at the following factors:

- the effect of the restraint on prices, output, product quality, and service;

- the purpose and nature of the restraint;

- the nature and structure of the relevant market;

- the number of competitors in the relevant market and the level of competition among them, both before and after the restraint was imposed; and whether the Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI possess market power.

The last factor mentioned, market power, has been defined as an ability to profitably raise prices, for a sustained period of time, above those that would be charged in a competitive market. A firm that possesses market power generally can charge higher prices for the same goods or services than a firm in the same market that does not possess market power. The ability to charge higher prices for better products or services, however, is not market power.

An important factor in determining whether Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI possess market power is their collective market share, that is, its percentage of the products or services sold in the relevant market by all competitors. Other factors that you may consider in determining whether Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI have market power include high barriers to entry into the market and a limited number of competitors in the market. If Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI do not possess a substantial market share, it is less likely that they possess market power. If Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI do not possess market power, it is less likely that the challenged restraint has resulted or will result in a substantial harmful effect on competition in the market.

_Evidence of Competitive Benefits_

If you find that Plaintiffs have proven that the challenged restraint resulted in substantial

harm to competition in a relevant market, then you next must determine whether the restraint also benefits competition in other ways. If you find that the challenged restraint does result in competitive benefits, then you also must consider whether the restraint was reasonably necessary to achieve the benefits. If Plaintiffs prove that the same benefits could have been readily achieved by other, reasonably available alternative means that create substantially less harm to competition, then they cannot be used to justify the restraint.

## *Balancing the Competitive Benefits*

If you find that the challenged restraint was reasonably necessary to achieve competitive benefits, then you must balance those competitive benefits against the competitive harm resulting from the same restraint.   If the competitive harm substantially outweighs the competitive benefits, then the challenged restraint is unreasonable. If the competitive harm does not substantially outweigh the competitive benefits, then the challenged restraint is not unreasonable. In conducting this analysis, you must consider the benefits and harm to competition and consumers, not just to a single competitor or group of competitors. Plaintiff bears the burden of proving that the anticompetitive effect of the conduct substantially outweighs its benefits.

## *Causation and Damages – Sherman Act Claim*
### *Generally*

If you find that Defendants have violated the Sherman Act, then you must decide if Plaintiffs are entitled to recover damages from Defendants.

Plaintiffs are entitled to recover damages for an injury to its business or property if it can establish three elements of injury and causation:

> (1)     Plaintiffs were in fact injured as a result of Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's  alleged violation of the antitrust laws;

(2)    Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged illegal conduct was a material cause of Plaintiffs' injury; and

(3)    Plaintiffs' injury is an injury of the type that the antitrust laws were intended to prevent.

The first element is sometimes referred to as "injury in fact" or "fact of damage." For Plaintiffs to establish that they are entitled to recover damages, they must prove that they were injured as a result of Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged violation of the antitrust laws. Proving the fact of damage does not require Plaintiffs to prove the dollar value of their injury. It requires only that Plaintiffs prove that they were in fact injured by Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged antitrust violation. If you find that Plaintiffs have established that they were in fact injured, you may then consider the amount of Plaintiffs' damages. It is important to understand, however, that injury and amount of damage are different concepts and that you cannot consider the amount of damage unless and until you have concluded that Plaintiffs have established that they were in fact injured.

Plaintiffs must also offer evidence that establishes by a preponderance of the evidence that Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged illegal conduct was a material cause of Plaintiffs' injury. This means that Plaintiffs must have proved that some damage occurred to them as a result of Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged antitrust violation, and not some other cause. Plaintiffs are not required to prove that Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged antitrust violation was the sole cause of their injury; nor need Plaintiffs eliminate all other possible causes of injury. It is enough if Plaintiffs have proved that the alleged antitrust violation was a material

cause of their injury.

Finally, Plaintiffs must establish that their respective injuries are the type of injury that the antitrust laws were intended to prevent. This is sometimes referred to as "antitrust injury." If Plaintiffs' injuries were caused by a reduction in competition, acts that would lead to a reduction in competition, or acts that would otherwise harm consumers, then Plaintiffs' injuries are antitrust injuries. On the other hand, if Plaintiffs' injuries were caused by heightened competition, the competitive process itself, or by acts that would benefit consumers, then Plaintiffs' injuries are not antitrust injuries and Plaintiffs may not recover damages for those injuries under the antitrust laws.

You should bear in mind that businesses may incur losses for many reasons that the antitrust laws are not designed to prohibit or protect against--such as where a competitor offers better products or services, or where a competitor is more efficient and can charge lower prices and still earn a profit. The antitrust laws do not permit Plaintiffs to recover damages for losses that were caused by the competitive process or conduct that benefits consumers.

If Plaintiffs can establish that they were in fact injured by Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's conduct, that Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's conduct was a material cause of Plaintiffs' injury, and that Plaintiffs' injury was the type that the antitrust laws were intended to prevent, then Plaintiffs are entitled to recover damages for the injury to its business or property.

## *Business or Property*

AAAPC and UAS must each establish that the injury it claims to have suffered was an injury to its "business or property." The term "business" includes any commercial interest or venture. AAAPC and UAS have been injured in their "business" if you find that either have

suffered injury to any of its commercial interests or enterprises as a result of Defendants' and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged antitrust violation. The term property includes anything of value AAAPC or UAS owns, possesses, or in which it has a protectable legal interest. AAAPC and UAS has been injured in its property if you find that either of them has lost money as a result of Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged antitrust violation.

*Lost Profits*

AAAPC and UAS claim that they were harmed because they lost profits as a result of Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI's alleged antitrust violation. If you find that Defendants and one or more of Phadia, AAAAI, ACAAI, or JCAAI committed an antitrust violation, and that this violation caused injury to AAAPC or UAS, you now must calculate the profits, if any, that AAAPC or UAS lost as a result of the antitrust violation and the future lost profits, if any, that AAAPC or UAS lost as a result of Defendants' antitrust violation.

The fact that I am giving you instructions concerning the issue of damages does not mean that I believe Plaintiff should, or should not, prevail in this case. If you reach a verdict for the Defendants on the issue of liability, you should not consider the issue of damages, and you may disregard the damages instructions that I am about to give.

You are permitted to make just and reasonable estimates in calculating Plaintiffs' respective damages. You are not required to calculate damages with mathematical certainty or precision. However, the amount of damages must have a reasonable basis in the evidence and must be based on reasonable, non-speculative assumptions and estimates. Damages may not be based on guesswork or speculation. Plaintiffs must prove the reasonableness of each of the assumptions upon which the damages calculation is based.

If you find that Plaintiffs have provided a reasonable basis for determining their damages, then you may award damages based on a just and reasonable estimate supported by the ~~evidence~~ Plaintiff's evidence. If you find that Plaintiffs have failed to carry their burden of providing a reasonable basis for determining damages, then you may not award damages.

If you find that Defendants violated the antitrust laws and that Plaintiffs were injured by that violation, Plaintiffs are entitled to recover for such injury that was the direct result or likely consequence of any unlawful acts of Defendants. Plaintiffs bear the burden of showing that their respective injuries were caused by Defendants' antitrust violation, as opposed to any other factors.

If you find that Plaintiffs' alleged injuries were caused in part by Defendants' alleged antitrust violation and in part by other factors, then you may award damages only for that portion of a Plaintiff's alleged injuries that were caused by Defendants' alleged violation.

Plaintiffs claim that they suffered injury because they lost sales and profits as a result of Defendants' alleged antitrust violation. Defendants claim that any profits or sales lost by Plaintiffs occurred as a result of other factors that have nothing to do with the alleged antitrust violation. Defendants' proffered reasons include decreasing volume performance of clinics contracted with UAS, rising corporate overhead costs, management issues; errors in sale and revenue forecasts, and ordinary or natural changes to the health insurance landscape. Plaintiffs are not entitled to recover for lost profits that resulted solely from these or other causes arising from the normal course of business activity. The presence of these factors does not mean Plaintiffs did not suffer their own antitrust injuries, but Plaintiffs are not entitled to recovery for damages they caused themselves. Plaintiffs only may recover for damages caused by the alleged antitrust violation.

Plaintiffs bear the burden of proving damages by a preponderance of the evidence, including apportioning damages between lawful and unlawful causes. If you find that Plaintiffs were injured by Defendants' alleged antitrust violation, and there is a reasonable basis to apportion Plaintiff's alleged injury between lawful and unlawful causes, then you may award damages.

If you find that Plaintiffs' alleged injuries were caused by factors other than Defendants' alleged antitrust violation, then you must return a verdict for Defendants. If you find that there is no reasonable basis to apportion Plaintiffs' alleged injury between lawful and unlawful causes, or that apportionment can only be accomplished through speculation or guesswork, then you may not award any damages at all.

To calculate lost profits, you must calculate net profit: the amount by which AAAPC or UAS's gross revenues would have exceeded all of the costs and expenses that would have been necessary to produce those revenues. You may calculate the net profit by using the Before-After measure.  Plaintiffs have proposed to calculate the net profits they would have earned if there had been no antitrust violation by showing evidence of their actual net profits in a period before the antitrust violation. If you find that the earlier period is a reliable guide to estimate what Plaintiffs' actual net profits would have been later, in the absence of the antitrust violation, then you may calculate Plaintiffs' lost profits by comparing (a) AAAPC and UAS's actual net profits in the earlier period with (b) AAAPC and UAS's actual net profits (or loss) thereafter.

To calculate future lost profits, you must make a reasonable estimate of (1) the amount of profits, if any, that AAAPC and UAS would have earned in future years, and (2) the length of time for which it would have earned those profits. In making this calculation, you are not required to calculate future lost profits with absolute mathematical certainty or precision, but you

must not engage in guesswork or speculation. In making this determination, you must consider the various uncertainties that could affect the future success of Plaintiffs' businesses, such as general market or economic conditions, lawful competition Plaintiffs would face in the future, their management of business, changes in technology or other business conditions, and other factors affecting its future performance.

Certain testimony has been given in this case by experts relating to lost profits and future lost profits. An expert is someone who is specially qualified by experience or training and possesses knowledge on matters not common to jurors in general. In a trial, an expert is permitted to give his or her opinions regarding such matters. The testimony of experts is to be considered like any other testimony, is to be tried by the same tests, and should receive such weight and credit as you deem it entitled to, when viewed in connection with all the other facts and circumstances. Its weight and value are questions for you.

*Joint and Several Liability*

Each participant in a conspiracy that violates the antitrust laws is jointly and severally liable for all of the damages resulting from the conspiracy. This means that each conspirator is fully liable for all of the damages caused by the conspiracy and not solely for damages caused by an individual conspirator. One who knowingly joins an ongoing conspiracy is liable for the previous acts of the other conspirators in furtherance of the conspiracy. If you find that Plaintiffs have proven the existence of the alleged conspiracy, that Defendants participated in the conspiracy, and that Plaintiffs are entitled to recover damages based on the other instructions in this case, then all co-conspirators would be liable for all damages caused by the conspiracy.

*Intentional Interference with Existing Contracts and Prospective Contractual or Business Relations*

Plaintiffs allege that Defendants' conduct constituted intentional interference with existing agreements and prospective contractual and business relations between AAAPC and its physician members and industry sponsors, and between UAS and the physicians and practice groups with whom it contracts, including AAAPC members.   Interference is intentional if committed with the desire to interfere with Plaintiffs' contract or prospective contractual or business relations or with the belief that the interference is substantially certain to result.

*Causation and Damages—Intentional Interference Claims*

If you find that AANMA or Tonya Winders intentionally interfered with existing contracts and prospective contractual and business relations of AAAPC or UAS, you will be asked to determine damages proximately caused by such interference.   "Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred.   In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom.   There may be more than one proximate cause of an event.

In assessing damages, you may consider the following elements of damages, if any, and none other.

(a)     Lost Profits - The difference in amount of profits that AAAPC and UAS would have realized as compared to the amount of profits AAAPC and UAS actually realized from the prospective contracts in question.

(b)     Remedial Damages - The reasonable and necessary cost to AAAPC and UAS to

repair the prospective contractual relationships in question.

Do not add any amount for interest on damages, if any.

### *Exemplary Damages*

Plaintiffs also seek to recover exemplary damages for AANMA or Tonya Winders' alleged interference with Plaintiffs' existing contracts and for AANMA or Tonya Winders' alleged interference with Plaintiffs' prospective business relations.  You may award exemplary damages if you find by clear and convincing evidence that the harm to Plaintiffs resulted from Defendants' malice.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.   "Malice" means a specific intent by the defendant in question to cause substantial injury or harm to AAAPC or UAS.  "Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are--

1.      The nature of the wrong.

2.      The character of the conduct involved.

3.      The degree of culpability of Defendants.

4.      The situation and sensibilities of the parties concerned.

5.      The extent to which such conduct offends a public sense of justice and propriety.

6.      The net worth of Defendants.

### *Defendants' Affirmative Defenses*

Even if you find for Plaintiffs on any of their claims, you must find for Defendants if you also find that Defendants proved each element of the affirmative defenses set forth below by a

preponderance of the evidence.

If you find that Defendants have not proven each element of each defense by a preponderance of the evidence, and you found Plaintiffs did prove each element of any of their claims by a preponderance of the evidence, you must find for Plaintiffs as to such claims.  If you find that Plaintiffs did not prove each element of their claims by a preponderance of the evidence, you may disregard these instructions about Defendants' affirmative defenses.

### *Noerr-Pennington*

Defendants claim that the only agreement it participated in was an agreement with one or more of Phadia, AAAAI, ACAAI, or JCAAI to join together to attempt to persuade local, state, and federal lawmakers to investigate Plaintiffs' business practices. The Constitution ensures the right of everyone, whether acting alone or with others, to petition or appeal to government for political action, recognizing that when people do so they will naturally seek political action that favors them and also may be unfavorable to others. The appeal to government may be direct, such as a discussion or meeting with a government official or agency, or it may be indirect, such as a publicity or advertising campaign. The law provides that the right to petition government for political action is an important right, and the genuine exercise of that right, even by combination or agreement, does not violate the antitrust laws. Joint efforts genuinely intended to influence public officials to take official action do not violate the antitrust laws, even if the purpose and effect of those efforts is to obtain official action that eliminates or reduces competition.

To be entitled to this protection, however, the joint petitioning activity at issue must have been a genuine attempt to influence public officials to take official action. In other words, Defendants must have truly sought to influence a government decision.

Joint petitioning activities are not protected if they are merely a sham in which defendant

22

uses the process of petitioning--as opposed to the outcome of that process--to directly injure another competitor.

You must therefore decide whether the joint petitioning activity at issue in this case was genuine. The burden of proof on the question of the genuineness of the joint petitioning activity is on plaintiff; that is, it is plaintiff's burden to convince you that the joint petitioning activity, or some of it, was not genuine.

### Statute of Limitations

The statute of limitations for tortious interference with existing contract and tortious interference with prospective business relationships does not permit recovery for damages for any injuries Plaintiffs may have sustained prior to January 13, 2012. If you find that Defendants have proven by a preponderance of the evidence that either Plaintiffs' injuries resulted from any tortious interference sustained injuries prior to January 13, 2012, you must find for Defendants as to those claims. However, if you find by a preponderance of the evidence that in the exercise of reasonable diligence, Plaintiffs would not have discovered that Defendants engaged in tortious interference until any time after January 13, 2012, you must disregard this affirmative defense.

### Duty to deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your

memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom. Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

SIGNED this _____ 21ST _____ day of March, 2018.

HONORABLE ROYCE LAMBERTH
UNITED STATES DISTRICT JUDGE